UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON D. PINKARD,                      )
                                       )
              Plaintiff,               )
                                       )Civil Action No. 06-2049 HHK
         v.                            )
                                       )
FEDERAL BUREAU OF INVESTIGATION,       )
                                       )
              Defendant.               )
_____      )


**DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Comes now Defendant, the Federal Bureau of Investigation (FBI), by and through the U.S. Attorney for the District of Columbia, and respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss this action.  In the alternative, this Court should enter summary judgment in favor of Defendant pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the Defendant is entitled to judgment as a matter of law.[1]

_____

[1]Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the

In support of its motion, Defendant submits a Memorandum of Points and Authorities, a Statement of Material Facts Not in Dispute, and the Declaration of David M. Hardy (Hardy Decl.) with Exhibits A-C.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

---

matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON DARRYL PINKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2049 HHK |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Privacy Act of 1974 (PA), 5
U.S.C. § 552a, and pertains to the processing of Plaintiff's
FOIA/Privacy Act request to the Federal Bureau of Investigation
(FBI) for records pertaining to himself.[2]  Plaintiff's claims
must be dismissed, or in the alternative summary judgment must be
granted in Defendant's favor because Plaintiff failed to exhaust
his administrative remedies.  Moreover, dismissal is warranted
because after a reasonable search, Defendant located no documents
responsive to Plaintiff's request.

**I. STATEMENT OF FACTS**

Defendants incorporate herein as its Statement of Facts the
Statement of Material Facts Not in Genuine Dispute attached
hereto.

---

[2] The FBI treated plaintiff's request as both a Freedom of
Information Act (FOIA) 5 U.S.C. § 552 and a PA request.

## II. ARGUMENT

### A.  Dismissal is Appropriate Because Plaintiff Failed To Exhaust His Administrative

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. U.S., 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review.  Dettmann v. U.S. Dept. of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  The purpose of the exhaustion requirement is to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top manager of an agency to correct mistakes made at lower levels and thereby obviate unnecessary judicial review."  Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including:  (1) providing the required proof of identity, Summers v. U.S. Dept. of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992);  (3) complying with fee requirements, Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a

2

denial of records, <u>Oglesby v. U.S. Dept. of Army</u>, 920 F.2d 57 (D.C. Cir. 1990).  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  <u>Id</u>.

        By letter dated August 30, 2006, the FBI advised plaintiff that a search of the automated indices to the Central Records System at FBIHQ located no records responsive to his request. Hardy Decl. ¶ 6, and Exhibit C.  The August 30, 2006,letter also advised plaintiff that he had a right to file an administrative appeal within 60 days by writing to the Department of Justice's Office of Information and Privacy (OIP).  <u>Id</u>.  However, the FBI has confirmed that OIP has no record of receiving an administrative appeal.  <u>Id</u>. ¶ 7.  Accordingly, plaintiff has not exhausted his administrative remedies because he failed to file an appeal with OIP after receipt of the FOI/PA Office letter dated August 30 2006.  Therefore, dismissal of plaintiff's complaint is appropriate.

**B.    <u>The FBI Conducted an Adequate Search</u>**

        Even if plaintiff were deemed to have exhausted his administrative remedies, the FBI conducted an adequate search yet found no records responsive to plaintiff's request.

        In responding to a FOI/PA request, an agency is under a duty to conduct a reasonable search for responsive records.  <u>See</u>

Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983); Clearly, Gottlieb, Steen & Hamilton v. Dept. of Health and Human Services, 844 F. Supp. 770, 776 (D.D.C. 1993). The adequacy of a search is necessarily "dependent upon the circumstances of the case." Kronberg v. Department of Justice, 875 F. Supp. 861, 869 (D.D.C. 1995). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." Meerpol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986).

    Indeed, an agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. See Oglesby, 920 F.2d at 68. Additionally, the search standards under the FOIA and Privacy Act do not place upon the agency a requirement that it prove that all responsive documents have been located. See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Id. Additionally, the mere fact that a document existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547 (1st Cir. 1993).

4

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." See Oglesby, 920 F.2d at 68. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." See Miller, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1987), cert. denied, 445 U.S. 927 (1980). Once the agency has proffered such evidence, i.e., a legally sufficient affidavit, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. See Miller, 779 F.2d at 1383. It is insufficient, however, for a requester to attempt to rebut the agency affidavit with purely speculative claims. See Carney v. U.S. Department of Justice, 19 F.3d 807, 813 (2nd Cir. 1994); Safecard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The Hardy declaration demonstrates through detailed, non-conclusory averments that, in this case, the FBI engaged in a "good faith effort to conduct a search for the requested records, using methods which [were] reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. The declaration describes in detail the type of search that was

5

conducted to locate documents responsive to plaintiff's request. See Hardy Decl. ¶¶ 8-16. Specifically, when plaintiff's FOI/PA request was received the relevant components performed thorough and diligent searches of the appropriate databases systems using the identifying data provided by plaintiff in his August 1, 2006, letter. Id. These database systems included both the FBI Central Records System and Automated Case Support System. Id.

Moreover, upon receipt of plaintiff's civil action, the FBI again conducted a search for information responsive to plaintiff's request. But, once again, the FBI was unable to locate any records pertaining to plaintiff. Id. ¶ 15. Accordingly, because the FBI conducted a reasonable search of files in which responsive documents were likely to be found, the FBI search was adequate.

**C.    Dismissal is Appropriate Because No Responsive Records Were Found After an Adequate Search.**

A plaintiff states a claim in a FOIA or a Privacy action only where an agency has improperly withheld agency records. See 5 U.S.C. § 552(a)(4)(B). Here, Defendant has not withheld any records, but rather, found no responsive documents after a reasonable, thorough and diligent search. Defendant, thus, carried its burden to show it conducted a search reasonably calculated to uncover all responsive records. See Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). That is all that is required. Furthermore, the FBI has done even

6

more; it conducted multiple comprehensive searches to retrieve responsive documents and found none.  See Ray v. United States Dep't of Justice, 908 F.2d 1549, 1559-60 (11th Cir. 1990), rev'd on other grounds sub nom, United States Dep't of State v. Ray, 502 U.S. 164 (1991); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995)(no jurisdiction exits over claims where agency conducted good faith, reasonable search and found no responsive documents); Bartlett v. United States Dep't of Justice, 867 F. Supp. 314 ,316 (E.D. Pa. 1994)(same). When a FOIA/Privacy Act request is pending, the agency is only able or obligated to release material that it actually has.  See Maynard, 986 F.2d at 564.  Accordingly, this case should be dismissed as defendant found no responsive records.

### V. CONCLUSION

Plaintiff cannot establish any violation of the Freedom of Information Act or the Privacy Act.  Plaintiff did not file an administrative appeal, thus plaintiff failed to exhaust his administrative remedies.  Moreover, defendant's thorough and adequate search yielded no responsive documents to plaintiff's request.

WHEREFORE, Defendant respectfully requests that the Court grant the motion to dismiss or alternatively grant the motion for summary judgment.


February 5, 2007          Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON DARRYL PINKARD,           )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 06-2049 HHK
                                )
FEDERAL BUREAU OF INVESTIGATION, )
                                )
          Defendants.          )
_____ )

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), the defendant hereby submits the following statement of material facts as to which there is no genuine issue. The declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division (RMD), at the Federal Bureau of Investigation Headquarters (FBIHQ) in Washington, D.C. supports this statement.

1. By letter to the FBIHQ, FOI/PA Office, dated August 1, 2006, and received by the FOI/PA Office on August 28, 2006, plaintiff submitted a FOI/PA request for "all information pertaining to himself." See Declaration of David M. Hardy (Hardy Decl.) ¶ 4, and Exhibits A-B.

2. By letter dated August 30, 2006, the FBI advised plaintiff that a search of the automated indices to the Central Records System (CRS) at FBIHQ located no records responsive to his request, which had been assigned FOI/PA number 1056730.

Plaintiff was also advised that he could appeal the FBI's "no record" response by writing to the Department of Justice's Office of Information and Privacy (OIP) within sixty (60) days. The FBI has confirmed that OIP has no record of receiving an administrative appeal. Id. ¶¶ 5-7, and Exhibit C.

3. The Central Records System (CRS) enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOI/PA requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System (ACS). Id. ¶ 8.

4. The ACS was implemented for all Field Offices, Legal Attaches (Legats), and FBIHQ in order to consolidate portions of

2

the CRS that were previously automated.  ACS can be described as
an internal computerized subsystem for the CRS.  Because the CRS
cannot electronically query the case files for data, such as an
individual's name or social security number, the required
information is duplicated and moved to the ACS so that it can be
searched.  More than 105 million records from the CRS were
converted from automated systems previously utilized by the FBI.
Automation did not change the CRS; instead, automation has
facilitated more economic and expeditious access to records
maintained in the CRS.  Id.¶ 9.

     5. The retrieval of data from the CRS is made possible
through the ACS using General Indices, which are arranged in
alphabetical order.  The entries in the General Indices fall into
two categories:

          (a)"main" entry – carries the name corresponding with a
          subject of a file contained in the CRS.

          (b)"reference" entry - sometimes called "cross-
          references," are generally only a mere mention or
          reference to an individual, organization, or other
          subject matter, contained in a document located in
          another "main" file on a different subject matter.

Id. ¶ 10.

     6. Searches in the General Indices to locate records
concerning a particular subject, such as Byron Daryl Pinkard, are
made by searching the subject requested in the index.  The ACS
consists of three integrated, yet separately functional,
automated applications that support case management functions for

3

all FBI investigative and administrative cases:

(a) Investigative Case Management (ICM) - ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads.  The Office of Origin (OO), which sets leads for itself and other field offices, as needed, opens a case.  The field offices that receive leads from the OO are referred to as Lead Offices (LOs).  When a case is opened, it is assigned a Universal Case File Number (UCFN), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation.  Using a fictitious file number "111-HQ-12345" as an example, an explanation of the UCFN is as follow: "111" indicates the classification for the specific type of investigation, i.e., National Foreign Intelligence Program; "HQ" is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ; and "12345" denotes the individual case file number for the particular investigation.

(b) Electronic Case File (ECF) - ECF serves as the central electronic repository for the FBI's official text-based documents.  ECF supports the universal serial concept in that only the creator of a document serializes it into a file.  This provides a single-source entry of serials into the computerized ECF system.  All original serials are maintained in the OO case files.

(c) Universal Index (UNI) - UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases.  Only the OO is required to index; however, the LOs may index additional information as needed.  UNI, an index of approximately 97.1 million records, functions to index names to cases, and to search names and cases for use in FBI investigations.  Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

Id. ¶ 12.

7. The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent(SA) assigned to work on the investigation, the

4

Supervisory SA (SSA) in the field office conducting the investigation, and the SSA at FBIHQ.  The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval.  Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved.  The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes.  Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, <u>i.e.,</u> Byron Daryl Pinkard.

8. In response to plaintiff's request, the FBI searched for potentially responsive records using the ACS Universal Index to search the CRS General Indices using plaintiff's name to locate any main investigatory files maintained at FBIHQ.  A search conducted by using the name "Byron Darryl Pinkard" would cover a six-way phonetic breakdown of the first and last name.  For example, this search would locate records using the phonetic sound of "Pinkard, Byron Darryl," "Pinkard, Byron, D.," "Pinkard, Byron," "Pinkard, B.,Darryl," "Pinkard, Darryl," and "Pinkard, B.,D."  FBIHQ also used plaintiff's date of birth to facilitate

5

the identification of responsive records.  This search failed to
locate any main investigatory files responsive to plaintiff's
request.  <u>Id</u>. ¶ 14.

9. Upon receipt of the complaint in this litigation, the FBI
decided to conduct a second search using the same search terms
described above.  In the absence of a specific request for a
search of "cross-references" at the administrative level, the
FBI's current policy is to search for and identify only "main"
files responsive to FOIA requests.  In this case, plaintiff did
not specifically request that a search be conducted for cross-
references.  It was determined that the FBI should also search
the FBIHQ indices of the CRS for cross-references.  This second
search failed to locate any responsive main files or cross-
references at FBIHQ.  <u>Id</u>. ¶ 15.


                    Respectfully submitted,


                    _____
                    JEFFREY A. TAYLOR, DC Bar #498610
                    United States Attorney


                    _____
                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney


                    _____
                    MADELYN JOHNSON, DC Bar #396739
                    Assistant United States Attorney


                                6

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Defendants'

Motion To Dismiss or, in the Alternative, Summary Judgment, and a

proposed Order has been made by mailing copies thereof to:

Byron D. Pinkard
2700 MLK Jr. Ave, SE
801 East Building
Washington, DC 20032

on the 5th day of February, 2007.


_____
MADELYN JOHNSON, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7135

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON D. PINKARD,                      )
                                       )
          Plaintiff,                   )
                                       )
     v.                                ) Civil Action No. 06-2049 HHK
                                       )
FEDERAL BUREAU OF                      )
INVESTIGATION,                         )
                                       )
          Defendant.                   )
_____)

**ORDER**

UPON CONSIDERATION of the Defendants' Motion To Dismiss, Or, In The Alternative, For Summary Judgment, the grounds stated therefore, and the entire record herein, it is this ___ day of _____, 2007, hereby

ORDERED that Defendant's motion should be and it hereby is granted; and it is,

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.


                              _____
                              UNITED STATES DISTRICT JUDGE

MADELYN JOHNSON
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Byron D. Pinkard
2700 MLK Jr. Ave, SE
801 East Building
Washington, DC 20032

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BYRON DARRYL PINKARD,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-2049-HHK |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 206 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses

to requests for access to FBI records and information pursuant to FOIA; Privacy Act;

Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and

procedures; judicial decisions; and Presidential and Congressional directives.  My

responsibilities also include the review of FBI information for classification purposes as

mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations

in support of Exemption 1 claims asserted under the FOIA.[2]  I have been designated by the

Attorney General of the United States as an original classification authority and a declassification

authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1.  The statements

contained in this declaration are based upon my personal knowledge, upon information provided

to me in my official capacity, and upon conclusions and determinations made in accordance

therewith.  Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy

Act ("FOIPA") request of plaintiff, Byron Darryl Pinkard, who seeks access to records pertaining

to himself.

     (3)    The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the search for records responsive to plaintiff's request to FBIHQ that resulted in

no records being located, and in support of defendant's motion to dismiss plaintiff's complaint, or

in the alternative, for summary judgment based on plaintiff's failure to exhaust administrative

remedies.

<strong><u>CORRESPONDENCE RELATING TO PLAINTIFF'S REQUEST</u></strong>

     (4)    By letter dated August 1, 2006, plaintiff Byron D. Pinkard, submitted a FOIPA

---

[1]    60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2]    5 U.S.C. § 552(b)(1).

request to FBIHQ for all information pertaining to himself. (<u>See</u> Exhibit A.)

(5)    By letter dated August 28, 2006, FBIHQ acknowledged receipt of plaintiff's FOIPA request. (<u>See</u> Exhibit B.)

(6)    By letter dated August 30, 2006, the FBI advised plaintiff that a search of the automated indices to the Central Records System ("CRS") at FBIHQ located no records responsive to his request, which had been assigned FOIPA number 1056730. Plaintiff was also advised that he could appeal the FBI's "no record" response by writing to the Department of Justice's Office of Information and Privacy ("OIP") within sixty (60) days. (<u>See</u> Exhibit C.)

(7)    The FBI has confirmed that OIP has no record of receiving an administrative appeal. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this Complaint.

## <u>EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM ("CRS")</u>

(8)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests.

3

The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(9)     The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(10)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[3] The entries in the General Indices fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry –"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

(11)    Searches made in the General Indices to locate records concerning a particular subject, such as Byron Daryl Pinkard, are made by searching the subject requested in the index.

---

[3] The General Indices are not only automated but also include index cards which allow a manual search for records that pre-dated the implementation of ACS on October 16, 1995.

(12)    The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a)  Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using a fictitious file number "111-HQ-12345" as an example, an explanation of the UCFN is as follows: "111" indicates the classification for the specific type of investigation, i.e., National Foreign Intelligence Program; "HQ" is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ; and "12345" denotes the individual case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c)  Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 97.1 million records, functions to index names to cases, and to search

5

names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(13)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Byron Daryl Pinkard.

## SEARCHES FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(14)    In response to plaintiff's request, the FBI searched for potentially responsive records using the ACS Universal Index to search the CRS General Indices using plaintiff's name to locate any main investigatory files maintained at FBIHQ. A search conducted by using the name "Byron Darryl Pinkard" would cover a six-way phonetic breakdown of the first and last name. For example, this search would locate records using the phonetic sound of "Pinkard, Byron Darryl," "Pinkard, Byron, D.," "Pinkard, Byron," "Pinkard, B., Darryl," "Pinkard, Darryl," and "Pinkard, B., D." FBIHQ also used plaintiff's date of birth to facilitate the identification of

6

responsive records. This search failed to locate any main investigatory files responsive to plaintiff's request.

(15)    Upon receipt of the complaint in this litigation, the FBI decided to conduct a second search using the same search terms described above. In the absence of a specific request for a search of "cross-references" at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA requests. In this case, plaintiff did not specifically request that a search be conducted for cross-references. It was determined that the FBI should also search the FBIHQ indices of the CRS for cross-references. This second search failed to locate any responsive main files or cross-references at FBIHQ.

(16)    In accordance with the DOJ FOIA regulations, 28 C.F.R. §§ 16.3(a) and 16.41(a), FOIA requesters are placed on constructive notice that it is incumbent upon them to direct their requests to those FBI field offices most likely to have records responsive to their requests. In this instance, even though FBIHQ does not have any records responsive to plaintiff's request, other FBI field offices may have such records. As a result, pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), it is incumbent upon plaintiff to direct his request to those FBI field offices most likely to possess responsive records. In this case, if plaintiff had properly exhausted his administrative remedies with respect to an FBIHQ response by filing an administrative appeal to OIP, OIP would have advised him of this fact. In this instance, the record is unambiguous that FBIHQ's "no record" response is accurate.

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through C attached hereto are true and correct copies.

Executed this _2nd_ day of February, 2007.

DAVID HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON DARRYL PINKARD,          )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )        Civil Action No. 06-2049-HHK
FEDERAL BUREAU OF INVESTIGATION, )
        et al.,                )
                               )
        Defendants.            )
                               )

# EXHIBIT A

8/1/06

Dear F.B.I official;
Under the privacy Act, I Am requesting
records in which I appear in. My Name is
Byron Darryl Pinkard. I Was born on
June 22, 1961.

Byron Pinkard

Byron D Pinkard
2700 M L K Jr. Ave. SE
801 East Building
Washington, D.C. 20032

State of Maryland, Prince George's County
On this ____ day of August , 2006
BYRON D. PINKARD
personally appeared before me and acknowledged that
he/she executed the foregoing instrument.
_____ Notary Public
My Commission Expires April 8, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BYRON DARRYL PINKARD,                    )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )
                                         )        Civil Action No. 06-2049-HHK
FEDERAL BUREAU OF INVESTIGATION,         )
        et al.,                          )
                                         )
        Defendants.                      )
                                         )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 28, 2006

MR. BYRON DARRYL PINKARD
2700 MARTIN LUTHER KING JR. AVENUE, SOUTHEAST
801 EAST BUILDING
WASHINGTON, DC 20032

Request No.: 1056730- 000
Subject: PINKARD, BYRON DARRYL

Dear Requester:

☒      This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐      For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐      To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐      If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒      We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐      Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BYRON DARRYL PINKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2049-HHK |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 30, 2006

MR. BYRON DARRYL PINKARD
2700 MARTIN LUTHER KING JR. AVENUE, SOUTHEAST
801 EAST BUILDING
WASHINGTON, DC 20032

Request No.: 1056730- 000
Subject: PINKARD, BYRON DARRYL

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920's.**

- **FBI files generally contain** reports of FBI investigations of a wide range of matters, including counterterrorism, foreign counter-intelligence, organized crime/drugs, violent crime, white-collar crime, applicants, and civil rights.

- **The FBI does not issue clearances or nonclearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should write directly to that entity.

- **An FBI identification record or "rap sheet" is NOT the same as an FBI "file"** - it is simply a listing of information taken from fingerprint cards submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, CJIS Division, Attn: SCU, Mod. D-2, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Each request must have proof of identity which shall consist of **name, date and place of birth and a set of rolled-ink fingerprint impressions** placed upon fingerprint cards or forms commonly utilized for applicant or law enforcement purposes by law enforcement agencies, **plus payment of $18.00** in the form of a certified check or money order, payable to the Treasury of the United States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index to identify **any** information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Acts (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information. FOIPA provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject. This is called a "main file search" and differs from The NNCP search.

**FOR GENERAL INFORMATION ABOUT THE FBI,**
**CHECK OUT OUR WEBSITE AT**
**http://www.fbi.gov**

3-23-04